MICHAEL B. LEAVITT

*v.*

FRANK J. STERN.

*Filed at Ottawa January 20, 1896.*

1. CONTRACTS—*sealed contract cannot be modified by parol agreement.* An executory contract under seal cannot be modified or varied by an unexecuted parol agreement.

2. EVIDENCE—*parol agreement to modify sealed lease not admissible.* A parol agreement for a new lease of a theater for a term of six years is incompetent to prove cancellation and surrender of a prior lease, under seal, between the parties, which latter had fourteen months to run when such attempted parol surrender was made.

3. SET-OFF—*what kind of damages may not be set off.* Defendant in an action for rent under a sealed lease cannot prove breach of an oral contract for a six years' term within the Statute of Frauds, and damages sustained by reason of such breach.

4. DAMAGES—*expenditures not called for by contract.* Moneys expended by a lessee of a theater for an electric fan, which the contract did not require him to purchase, and a liability incurred upon a contract for decorations, cannot be recovered as damages for breach of an oral contract to give a further lease for six years.

*Leavitt v. Stern,* 55 Ill. App. 416, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

Judgment by confession under warrant of attorney was entered in favor of appellee, against appellant, in the circuit court of Cook county, February 6, 1894, for unpaid rent for a theater building in Chicago. By agreement of parties the judgment was opened to allow defendant to make his defense, and the following stipulation was filed:

"Whereas, it is claimed by said defendant that the plaintiff herein agreed orally to lease to defendant the Windsor Theater for a term of six years from the termination of the written lease now existing between them, which said claim is denied by plaintiff; and whereas, it is further claimed by defendant that because of said oral agreement, and in consequence thereof, he, defendant, made certain contracts and incurred certain debts and obligations that he would not have made and incurred had he not understood such agreement had been made, which said claim is also denied by plaintiff; and whereas, in the suit above mentioned it is the wish of both parties that all controversies growing out of said claims should be settled in said suit:

"Now, therefore, to enforce such wish and to such end the following stipulation is made and entered into—that is to say: It is hereby stipulated and agreed that the judgment heretofore entered in said cause may be opened and the defendant therein have leave to plead the general issue instanter, and that said suit be set for a speedy trial; that under the general issue said defendant may give in evidence any matter or thing that would constitute a defense to said suit, in whole or in part, if duly and properly pleaded thereto, and to that end, if necessary, the technical distinction between actions on the case and assumpsit is hereby waived; that under the

declaration in said cause said plaintiff have leave to introduce in evidence any matter or thing to sustain his action for rent, or to defeat, in whole or in part, said defendant's counter-claim or set-off, if any there be, as fully and completely as if he had duly and properly pleaded thereto,—that is, under the declaration and general issue everything shall be deemed, taken and considered as duly and properly pleaded on behalf of each party, (without reference to the form of action, *i. e.*, either case or assumpsit,) that may constitute a cause of action under the declaration, or a defense thereto, in whole or in part, or a reply to such defense, in whole or in part."

Appellee gave in evidence a lease to appellant for the premises for the term of four years, ending August 31, 1894. It appeared that there was due and unpaid by the terms of this lease, rent to the amount of $3666.66, but by some understanding of the parties the amount claimed was reduced to $2566.66, and that was the amount for which final judgment was rendered. The cause was tried under the declaration and stipulation, without further formal pleadings. In defense appellant offered to prove that on July 1, 1893, he and appellee entered into an oral contract, whereby appellee was to give him a new lease of the premises for the period of six years, commencing on that date, and that the old lease was to be canceled and appellant was to hold under the new lease from said date. It was admitted by the plaintiff that a new lease had been drawn, but it was never delivered. The court having sustained appellee's objections to questions propounded to the appellant as a witness, appellant's counsel offered to make the following proof: "We propose to prove by this witness that at a certain conversation held between himself and Mr. Stern, the plaintiff in this case, in the presence of one Doctor Sibert, at the Tremont Hotel, in May, 1893, it was agreed that the lease under which the parties were then in possession of the Windsor Theater should be void, and that Mr. Leavitt should re-

main in possession and pay rent under a new lease commencing July 1, 1893, which new lease was then and there exhibited to Mr. Leavitt by Mr. Stern in the presence of Doctor Sibert, the terms of which were to be $12,000 the first year and $9000 for the five remaining years, making a six year lease, and that then and there the plaintiff stated to defendant that he could go ahead and make his contracts for a certain play to be produced at the theater during the world's fair of 1893, and that he, the said Stern, would give Mr. Leavitt the sum of $2000 to be used in the improvement and furnishings of the theater, and it was stated at the time by Mr. Stern, in the presence of Doctor Sibert and Benjamin Leavitt, that Mr. Stern, in addition to the $2000 cash, was to allow Mr. Leavitt to take $2000 out of the rent and spend the same towards furnishing the theater. We further offer to show by this witness, that after making this agreement for this lease to take effect July 1, 1893, the plaintiff, Stern, executed a new lease to some third parties for an additional amount of over $3000 per year more for the premises, making $15,000 or thereabouts for the rent. We further desire to show by this witness that Mr. Stern at that time stated, when he exhibited the lease to Mr. Leavitt, that the only reason he did not deliver the lease to him was that his attorney, Mr. Sheridan, was in Europe, and he wanted him to examine the various clauses in the lease. We further offer to show by this witness, that, acting under and in pursuance of this lease, Mr. Leavitt executed contracts with artists in Europe and purchased from $2000 to $2500 worth of scenery and wardrobes to be used, upon which he made payments, and he also obligated himself to pay the firm of Mitchell & Holbeck $1300 for decorating the theater. We further offer to show by this witness, under and by virtue of this lease Mr. Leavitt put in electric fans, etc., at an expense of some $1500, and also put in new chairs, carpets, etc., which he otherwise would not have done; that under and in pursuance of this lease de-

159—34

fendant has incurred obligations to the extent of nearly $10,000, acting upon and believing the representations of the plaintiff that the said lease was to take effect upon that day; that the money has been paid Mr. Stern under this oral lease in the pursuance of its terms for the rent of the said premises, and accepted by Mr. Stern with full knowledge."

The court refused to admit the above testimony, and instructed the jury to find for the plaintiff under the lease sued on. The Appellate Court affirmed the judgment, and the case is brought to this court by further appeal.

CASE, HOGAN & CASE, for appellant:

In the case of *Murray* v. *Shave*, 2 Duer, 183, the tenant requested to be allowed to give up her lease, and the landlord thereupon entered into a new agreement with another person. This was held a verbal acceptance by the landlord of the tenant's offered surrender, and discharged her from her liability on the lease. See, also, *Commonwealth* v. *Conway*, 1 Brewst. 509.

A contract under seal may be waived by parol agreement,—more especially if the parol agreement shall be executed. *Monroe* v. *Perkins*, 9 Pick. 298; *Dearborn* v. *Cross*, 7 Cow. 48; *Latimore* v. *Harsen*, 14 Johns. 330; *Fleming* v. *Gilbert*, 3 id. 558; *Reating* v. *Price*, 1 Johns. Cas. 22; *Edwin* v. *Saunders*, 1 Cow. 250; 1 Greenleaf on Evidence, sec. 302.

If Leavitt could have recovered from Stern the amount which Stern agreed to pay him, then the evidence offered was properly admissible, and it was error to refuse the same. 1 Greenleaf on Evidence, sec. 303; *LeFevre* v. *Le-Fevre*, 4 S. & R. 241. See, also, to support this proposition, *Ratcliffe* v. *Pemberton*, 1 Esp. 35; *Milton* v. *Edgworth*, 5 Bro. Parl. Cas. 313; *Legal* v. *Miller*, 2 Ves. Sr. 299; *Pitcairne* v. *Ogbourne*, id. 376; 2 Eq. Cas. Abr. 48; *Townshend* v. *Stangroom*, 6 Ves. 404; *Thresh* v. *Lake*, 1 Esp. 53; *Dearborn* v. *Cross*, 7 Cow. 48; *Ballard* v. *Walker*, 3 Johns. Cas. 60; *Burn* v. *Miller*, 4 Taunt. 745; 3 Starkie on Evidence, 1048.

The case of *Stobie* v. *Dills*, 62 Ill. 432, decides absolutely that a written lease may be surrendered by the tenant's abandonment and the landlord's assent thereto.

Where a tenant under-let the premises, and the landlord accepted the under-tenant as his tenant and collected rent from him, which arrangement was assented to by the original tenant, it was held to amount to a virtual surrender of the tenant's interest by operation of law. *Amory* v. *Kanoffski*, 117 Mass. 357; 1 Brewst. 509; *Thomas* v. *Cook*, 2 B. & C. 119.

W. A. SHERIDAN, for appellee:

It is well settled in this State that no interest in land for a longer period than one year from the making of the contract can be created orally, and that leases create an interest in lands. *Wood* v. *Thornly*, 58 Ill. 464; *Warner* v. *Hale*, 65 id. 395; *Wheeler* v. *Frankenthal*, 78 id. 124; *Creighton* v. *Saunders*, 89 id. 543; *Chicago Attachment Co.* v. *Sewing Machine Co.* 142 id. 184; *Dougherty* v. *Catlett*, 129 id. 431.

If the Statute of Frauds was not in the case, still nothing was proved, or offered to be proved, that would operate as a merger, cancelling or surrender of the existing lease. An oral agreement to cancel a lease under seal is at law void. *Chapman* v. *McGrew*, 20 Ill. 101; *Loach* v. *Farnum*, 90 id. 368; *Barnett* v. *Barnes*, 73 id. 216; *Breher* v. *Breese*, 17 Ill. App. 545; *Hume Bros.* v. *Taylor*, 63 Ill. 42.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is assumpsit for rent due on a lease, and the first question for solution is, was the evidence offered by the defendant under the stipulation and excluded by the trial court, competent to prove that the lease was terminated, canceled or surrendered before the rent accrued? The lease was an instrument under seal, and appellant sought to show that fourteen months before the end of the term created by it, it was canceled by the parol agreement for a new lease for a term of six years. The Statute of Frauds

must be regarded as pleaded under the stipulation. In *Loach* v. *Farnum*, 90 Ill. 368, it was said by this court: "It is a well settled rule of the common law that an executory contract under seal cannot be modified or varied by a parol agreement, and the same doctrine has frequently been announced by this court,"—citing *Baker* v. *Whiteside*, Breese, 174; *Chapman* v. *McGrew*, 20 Ill. 101; *Hume Bros.* v. *Taylor*, 63 id. 43; *Barnett* v. *Barnes*, 73 id. 217. See, also, *Baltimore and Ohio and Chicago Railroad Co.* v. *Illinois Central Railroad Co.* 137 Ill. 9. This is not a case where the parol agreement had been executed by the parties, and it does not therefore come within the exception to the rule as stated in *Worrell* v. *Forsyth*, 141 Ill. 22. The testimony as offered did not tend to prove any actual cancellation or surrender, but only an oral agreement that the new lease should take the place of the old. It follows, therefore, that the proposed testimony was incompetent to prove a termination, cancellation or surrender of the lease. This lease must therefore be regarded as in full force until the expiration of the term on August 31, 1894, and the plaintiff was entitled to recover the rent accruing under it, unless the testimony offered by the defendant would have tended, if admitted, to establish a cross-demand against the plaintiff under the stipulation.

Counsel for appellant has argued his case here principally upon the theory that the evidence, if admitted, would have shown that the alleged new lease became substituted for the lease sued on, or would at least have established a surrender of the lease and an acceptance by the landlord. But we have seen that the testimony as offered was not admissible for this purpose. Nor would it have tended to establish a demand against the plaintiff which he could recover in an action at law.

It is not necessary here to consider whether or not there was any such possession and part performance under the alleged verbal lease which would, in equity, take the case out of the Statute of Frauds. This is an action at

law, and must be so treated in dealing with appellant's defense under the stipulation, as well as with the case made by the plaintiff. It is well established that part performance of a contract not enforcible because of the Statute of Frauds, does not operate, in an action at law, to take the case out of the statute. (*Creighton* v. *Sanders*, 89 Ill. 543; *Wheeler* v. *Frankenthal*, 78 id. 124; *Warner* v. *Hale*, 65 id. 395; *Chicago Attachment Co.* v. *Davis Sewing Machine Co.* 142 id. 171; *Dougherty* v. *Catlett*, 129 id. 431.) Nor could the defendant recover damages at law for the breach by the plaintiff of the alleged verbal contract, for the reason that the statute is a complete defense to any such action. (*Butcher Steel Works* v. *Atkinson*, 68 Ill. 421.) "The well settled rule of law is, that a verbal contract within the condemnation of the Statute of Frauds cannot be enforced in any way, either directly or indirectly, and cannot be made either the ground of a demand or the ground of a defense." *McGinnis* v. *Fernandes*, 126 Ill. 228.

The testimony, therefore, offered by the plaintiff, which tended to prove a breach of the oral contract for the six-year lease, and that the defendant had sustained damages by reason of such breach, was inadmissible.

It will be noticed that the case does not come within the rule that a party may recover money paid, or for services rendered or improvements made, in pursuance of the provisions of a contract which the other party has repudiated or refused to perform under the shield of the statute. That such recoveries may be had has been decided in many cases. (*Butcher Steel Works* v. *Atkinson*, 68 Ill. 421; *Frazer* v. *Howe*, 106 id. 563.) In the case at bar there was no offer to prove that any improvements had been made on the leased premises, any services rendered or any money paid out in pursuance of the oral contract for which appellant would have a right to recover at law. The expenditure of $1500 for an electric fan would not come within the rule, for it was not shown to have been put in at the request of appellee or in pursuance of the

contract, or that it became attached to the building as part thereof, so as to become the property of appellee. The same may be said of the expenditures for scenery, etc. Appellant did not offer to prove that he had decorated the building or incurred any expense therein, but only that he had become obligated to another on a contract to have the same done. It did not appear from any testimony offered, that any of the expenditures which appellant sought to have set off against the rent were provided for by the verbal contract. Clearly, appellant could not recover moneys which he had voluntarily expended in the purchase of personal property for his own benefit, and which the contract on which he claims to have relied did not require him to purchase, even although he would not have purchased it had no such contract been made. He was bound to know the contract was not enforcible, and if he chose to rely upon it and make expenditures which compliance with it did not require him to make, we know of no rule of law that would compel the other party, simply because he repudiates a contract which is not legally binding on him, to reimburse his co-party for such expenditures. Even in equity, in order to take a case out of the statute upon the ground of part performance of a parol contract, it is indispensable that the acts done should be clear and definite and referable exclusively to the contract. *Worth* v. *Worth*, 84 Ill. 442; *Pickerell* v. *Morss*, 97 id. 220.

We are of the opinion that the trial court did not err in excluding from the jury the testimony offered by appellant nor in instructing the jury to find for the plaintiff. The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*