Helen T. Pelouze et al., Plaintiffs in Error, v. Harry R. Gibbons, Defendant in Error.

### Gen. No. 15,188.

1. CONTRACTS—*release of executory contract under seal.* An executory contract under seal can be released and canceled by an executed verbal agreement.

2. CONTRACTS—*modification of executory contract under seal.* An

executory contract under seal cannot be modified, varied, discharged or released by an executory verbal contract.

3. LANDLORD AND TENANT—*what does not affect cancelation of lease.* A verbal agreement to cancel an executory demise not followed by surrender, is ineffectual to accomplish a termination.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. HENRY C. BEITLER, Judge, presiding. Heard in this court. at the March term, 1909. Reversed and remanded. Opinion filed October 6, 1910.

WILLIAM E. O'NEILL and JACOB E. DITTUS, for plaintiffs in error.

JOHN S. HUMMER and CHARLES A. MCDONALD, for defendant in error.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

Plaintiffs, who are heirs under the will of Stephen F. Gale, deceased, sued in this action to recover rent claimed to be due from defendant under a ground lease made by said Gale in his lifetime to defendant, Harry R. Gibbons. The lease in question bears date March 1, 1905, and by its terms leases the premises therein described from the first day of May, 1905, until the thirtieth day of April, 1910, at an annual rental of $2,200 per annum, payable in quarterly payments of $550 each in advance, on the first days of May, August, November and February in each year of the term. The lease permits the lessee to erect and maintain improvements and to remove them at any time during the term, providing all rents and other charges under the lease have been fully paid. The lessee having failed to pay the quarterly installment due February 1, 1908, plaintiffs brought this action to enforce payment.

The defense is set forth in an amended affidavit of merits filed September 26, 1908, by leave of court after the trial in the court below and pending a motion for a new trial *nunc pro tunc* as of June 1, 1908, prior to the trial. It is the last of four affidavits of merits—the first two of which

were stricken from the files—filed by defendant's counsel. Although the order *"nunc pro tunc"* is for obvious reasons erroneous, the affidavit itself states the grounds upon which the defense rests. We quote material parts as follows:

"(1) That one Miller, the duly authorized agent of the plaintiffs in that behalf, on or about January 20th, 1908, made and executed a verbal agreement with the defendant herein, whereby the lease and the term created thereby was canceled and surrendered, and the said defendant was thereby released and discharged from further liability or obligation under said lease."

"(2) That after the cancelation and surrender of said merits filed September 26, 1908, by leave of court after the lease and the term thereby created, the said Miller made and entered into a verbal agreement with said defendant for a new lease to the said premises, for a period of ten years from and after February 1, 1908, upon the same terms and conditions contained in the lease mentioned in this cause. That thereafter said Miller refused and still refuses to make a lease on behalf of his principals pursuant to said verbal agreement."

The cause was submitted to a jury and a verdict returned for defendant upon which judgment for costs was entered against plaintiffs, to reverse which this writ of error is prosecuted.

The defendant's counsel state his contention to be, that "An executory contract under seal can be released and canceled by an executed verbal agreement." Citing Alschuler v. Schiff, 164 Ill. 298, and Bloomquist v. Johnson, 107 Ill. App. 154. As to this there is no dispute. It is however indisputably settled that an executory contract under seal cannot be modified, varied, discharged or released by an executory verbal contract. Leavitt v. Stern, 159 Ill. 526; Smith v. Lewis, 24 Conn. 624–641. This does not appear to be disputed in behalf of defendant. The latter's counsel claim that "the evidence introduced on behalf of the defendant in error, when considered in the light of the surrounding circumstances, is sufficient to establish the defense of an executed verbal agreement to cancel the lease upon which recovery is sought in this case." In this contention we are

Pelouze v. Gibbons, 157 Ill. App. 186.

unable to concur.  The defendant's testimony as to such alleged verbal agreement is to the effect that Miller, who testified he was agent of the plaintiffs "for collection of rents," told defendant that "he would give me a ten years lease and would cancel the old lease" from the first of February, 1908.  Miller himself denies that he made any such promise or agreement, and in this he is corroborated by his stenographer, who was present and heard the conversation. But assuming that such verbal promise was made by Miller, there is in the first place no evidence called to our attention tending to show that Miller had any authority whatever to make any such agreement in behalf of the plaintiffs; and in the next place, there is no evidence tending to show that such alleged agreement was acted upon.  The burden of proof in this respect was clearly on defendant, after the introduction of the written lease and proof of defendant having taken possession under said lease of the leased premises and paid rent therefor.  Defendant's argument is that since there is evidence tending to show that at the time of the alleged verbal promises two-thirds of the buildings on the leased premises had been destroyed by fire, "the only act of surrender which the defendant was capable of performing was to agree to the cancelation of the lease."  It is not claimed in behalf of defendant that he ever in any way made or offered to make any actual surrender of the premises, and the lease itself has never been surrendered nor canceled.  On the contrary there is uncontradicted testimony tending to show affirmatively that defendant was still in possession and making use of the premises within a few days before the trial in the lower court.  The defendant's contention as set forth in the amended affidavit above quoted, namely, that "the duly authorized agent of the plaintiffs in that behalf on or about January 20, 1908, made and executed a verbal agreement with the defendant," is, so far as we can discover, wholly unsupported by evidence of such execution.  We agree with plaintiffs' contention therefore that defendant's testimony to the effect there was an oral executory agreement to cancel the lease in controversy and to give defendant a

new ten years' lease was incompetent and that it was error to deny the motion of plaintiffs' counsel that it be stricken out.

The law applicable is stated in Leavitt v. Stern, *supra,* as follows: "The lease was an instrument under seal and appellant sought to show that fourteen months before the end of the term created by it, it was canceled by the parol agreement for a new lease for a term of six years.   \*   \*   \*   In Loach v. Farnum, 90 Ill. 368, it was said by this court: 'It is a well settled rule of the common law that an executory contract under seal cannot be modified or varied by a parol agreement,' and the same doctrine has frequently been announced by this Court." (Citing cases.) "This is not a case where the parol agreement had been executed by the parties, and it does not therefore come within the exception to the rule as stated in Worrell v. Forsyth, 141 Ill. 22. The testimony as offered did not tend to prove any actual cancelation or surrender, but only an oral agreement that the new lease should take the place of the old. It follows therefore that the proposed testimony was incompetent to prove a termination, cancelation or surrender of the lease." What is said in Smith v. Lewis *supra* is also in point: "As to the other point in the case, we are of the opinion that the Court properly refused to hear evidence relative to a parol executory discharge of a sealed executory agreement.   \*   \*   \*   We are not aware that any case of high authority has permitted a mere verbal agreement for the release of a covenant under seal, without an execution by the cancelation or surrender of the covenant itself, to operate as a discharge of the most solemn instrument known to the law.   \*   \*   \*   It is clear that sealed contracts for the performance of future acts would be of little avail if parol testimony could be received to show that the parties verbally agreed, before the time of performance arrived, to dispense with the obligation of the covenant."

The judgment of the Municipal Court will be reversed and the cause remanded.

*Reversed and remanded.*