## Katherine Weidknecht, Executrix, Appellee, v. Patrick H. Clark, Appellant.

## Gen. No. 6,671.

1. LANDLORD AND TENANT, § 55*—*when lease under seal cannot be modified by parol understanding as to rent.* In an action to recover rent due under the provisions of a lease under seal, the covenant to pay rent and the amount of rent which the lessee is required to pay by the terms thereof cannot be modified or varied by proof of a parol understanding between the parties, nor can the terms of such lease be changed by showing an expressed intention on the part of the lessor not to enforce the covenant to pay rent.

2. LANDLORD AND TENANT, § 318*—*what not in issue in action for breach of covenant to pay rent.* The fact that a lease of land for mining sand provides for a rental of 3 cents a ton, payable monthly, does not require that, in an action to recover the rent claimed to be due under the lease, the plaintiff prove that there was sand mined under the terms of the lease, how much had become due therefor and how much had been paid, where plaintiff's declaration is not predicated on the amount due for mining sand but upon a breach of the covenant contained in the lease fixing a certain amount as the minimum monthly rental, regardless of the amount of sand mined.

3. COVENANT, ACTION OF, § 7*—*what not denied and what not set up by plea of non est factum.* As a rule, the plea of non est factum merely puts in issue the execution of the written instrument involved, and, in an action of covenant, does not deny the alleged breaches nor set up any other matter of defense.

4. LANDLORD AND TENANT, § 325*—*sufficiency of evidence as to amount due.* Where, in an action of covenant to recover the amount of rent alleged to be due under a lease, defendant pleads non est factum and special pleas, the other material allegations being admitted, and no evidence is offered under the plea of non est factum and there is no proof of the matters alleged in the special pleas, the jury are properly instructed to find for plaintiff the amount appearing to be due under the prima facie case made by the introduction of the lease in evidence.

Appeal from the Circuit Court of La Salle county; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in this court at the April term, 1919. Affirmed. Opinion filed October 14, 1919.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

KELLY & KELLY, for appellant.

LESTER H. STRAWN, for appellee.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

William Weidknecht, in his lifetime, brought this action of covenant in the Circuit Court of La Salle county to recover from appellant, Patrick H. Clark, the amount of rent alleged to be due under the provisions of a lease between the parties, dated June 1, 1912. The declaration charges that the lessor, William Weidknecht, made the lease in question to the appellant for certain land belonging to Weidknecht, and for the mining of sand for a term of 10 years, commencing August 1, 1912. By the terms of the lease the rental to be paid for the mining of the sand was 3 cents per ton and monthly payments were to be made therefor to the lessor; and if the payment for any month at the rate aforesaid, together with previous payments made, should not amount to $60 per month, then the appellant was obligated to make payment of an additional amount, so as to make the amount of rent paid $60.00 per month; and that on May 20, 1916, there was due under the terms of the lease from the appellant the sum of $2,700, which was unpaid. The appellant pleaded *non est factum* to the declaration, and four special pleas. The defense alleged in the first special plea is that, after the making of the lease in question, and before the commencement of the suit, the lessor had for good and valuable consideration annulled, canceled and declared void said lease, and released the appellant from the several covenants and agreements contained therein. In the second special plea the defense alleged is that, by agreement between the lessor and the lessee, the terms and provisions of the lease were to be subject to the action of the lessee in securing certain railroad rates and transportation

charges, and certain facilities for mining and removing sand from the leased premises; and that the lessor expressly agreed with the lessee that, notwithstanding the terms and provisions of said lease, the lessor would not demand or seek to recover from the lessee rental or royalty mentioned in the lease until the lessee had commenced shipping sand; that it was well known to the lessor at the time the lease was made that before the lessee could mine sand he would have to secure rates and facilities for the hauling of sand from the leased premises by rail, and that the lessor agreed not to charge the lessee any amount as rental or royalty until the same were secured; and that the lessee under said promise expended $400 and his time in securing switching rates and switching connections; and that by reason of such action and conduct said lease was canceled, annulled and declared for naught. The third special plea is substantially like the second, though couched in somewhat different language. The fourth special plea alleges that after the execution of said lease, and before any money became due, the lessor and lessee entered into an agreement whereby the defendant was to secure switching and switching rates so that the lessee might place his sand upon the market; and that as a consideration the lessor agreed to cancel and annul the lease in question, and to discharge the appellant from any liability thereunder; and that the lessor did then and there cancel said writing and lease, and that the appellant pursuant to said agreement did secure connections and rates and that the lessor as a further consideration for his action in that regard agreed to execute a new lease for a period of 10 years at 3 cents per ton for all sand mined, and that said lessor, although requested to execute said lease, refused to do so, and thereby the lessee was damaged to the amount of $5,000.

After the commencement of the suit, William Weidknecht, deceased, and the appellee, Katherine Weid-

knecht, as executrix, was substituted as a party plaintiff. There was a trial by jury, the court excluded the testimony of the witnesses A. E. Blackburn and William Hawthorne which embodied appellant's defense, and at the close of all the evidence directed a verdict for appellee for the sum of $2,700, the amount which appeared to be due under the averments of the declaration and the covenants of the lease, and a judgment for that amount was rendered against the appellant, who prosecutes this appeal.

The appellant contends that the judgment should be reversed for certain specific reasons, namely:

"First: That the $60 a month proposition only applied after sand had been mined.

"Second: That the $60 a month proposition had been waived in consideration of Clark obtaining switching connections and rates.

"Third: That this whole lease had been given up, rescinded, canceled and surrendered with the promise to make a new lease later.

"Fourth: That plaintiff made out no case without showing that there was no sand mined, or, if mined, the amount, etc., at 3 cents per ton.

"Fifth: That the court erred in excluding the evidence of Blackburn and Hawthorne showing a cancellation, waiver and rescinding of the whole lease and an agreement to make a new one.

"Sixth: After excluding the evidence of defendant, the court erred in rendering judgment without proof in the record that no sand was mined or, if sand was mined, the amount at 3 cents per ton."

The questions thus presented for the consideration of the court are practically all involved in the main contention in the case relating to the exclusion of the evidence of the witnesses Blackburn and Hawthorne. The evidence given by these witnesses did not show that the lease in question had been actually canceled or surrendered, but merely tended to show a verbal agreement or understanding that the lessor would not collect the rent provided for in the lease until the lessee

had succeeded in arranging for certain switch connections and transportation rates for the removal of the sand mined on the premises; and that the lessor intended to make a new lease to the lessee, but had in fact never made such a new lease. We are of opinion that the court did not err in excluding the evidence of these witnesses. The lease in question was an instrument under seal; the covenant to pay rent and the amount of rent which the appellant was required to pay by its terms could not be modified or varied by proof of a parole understanding between the parties; nor could the terms of the lease be changed by showing an expressed intention on the part of the lessor not to enforce the covenant to pay the rent. *Baker v. Whiteside,* Breese 174; *Chapman v. McGrew,* 20 Ill. 101; *Hume Bros. v. Taylor,* 63 Ill. 43; *Barnett v. Barnes,* 73 Ill. 217; *Loach v. Farnum,* 90 Ill. 368; *Leavitt v. Stern,* 159 Ill. 526. The case of *Leavitt v. Stern, supra,* is a complete answer to practically all the contentions of the appellant concerning the legal effect of the alleged new agreement or understanding for the nonpayment of rent and the making of a new lease. In that case a recovery was sought for rent claimed to be due under a lease for theater premises in the City of Chicago. The lessee offered to prove that after the making of the lease under which the suit was brought the lessor had entered into an oral contract with him whereby the lessor was to give him a new lease of the premises for the period of 6 years thereafter, and the old lease was to be canceled, and that the lessee was to hold under the new lease from the date of that agreement. Furthermore, that the lessor had actually drawn the new lease, although it had never been delivered to the lessee. The lessee also offered to prove a certain conversation between himself and the lessor in the presence of another witness, in which conversation it was agreed that the lease under which the parties were then in possession of the

theater premises should be void, and that the lessee should remain in possession of the premises and that he should pay rent under a new lease, which was to be executed as of July 1, 1893, following, and that new lease was then and there exhibited to the lessee by the lessor in the presence of the other witness and contained different terms with reference to the amount of rent to be paid for the 5 remaining years of the then existing lease; and that on the strength of the new lease which the lessor had made out and was to deliver to the lessee, the lessee had expended large sums of money in the improvement and furnishings of the theater and for decorating the same, and for putting in electric fans, new chairs, carpets, etc. The court excluded this testimony as not constituting a legal defense to the recovery of the rent under the existing lease, and the Supreme Court held that the testimony was properly excluded, and in that connection makes the following comments: ''The testimony as offered did not prove any actual cancellation or surrender, but only an oral agreement that the new lease should take the place of the old. It follows, therefore, that the proposed testimony was incompetent to prove a termination, cancellation or surrender of the lease.  *  *  *  The testimony, therefore, offered by the plaintiff, which tended to prove a breach of the oral contract for a 6-year lease, and that the defendant had sustained damages by reason of such breach, was inadmissible.''  Appellant also insists that the introduction of the lease in evidence did not make out a prima facie case for the appellee under the pleadings, but that it was necessary for him to make proof that there was sand mined under the terms of the lease, and how much had become due therefor, and what, if anything, had been paid on that account. It will be noticed, however, that the averments in the declaration are not for the recovery of any amount due for the mining of sand, but are predicated upon a

breach of the covenant which fixed $60 per month as the minimum amount of rent to be paid for each and every month during the term of the lease regardless of the amount of the sand mined; and the declaration alleges that under this covenant there was $2,700 due and unpaid, and in arrear. As a rule, the plea of *non est factum* put in issue merely the execution of the lease or written instrument involved in the suit. Such a plea in an action of covenant does not deny the alleged breaches of covenant, nor set up any other matter of defense. *Goldstein v. Reynolds,* 190 Ill. 124. All other material allegations in the declaration were admitted. Puterbaugh's Common Law Pleading and Practice (9th Ed.) 349. The admission of the lease in evidence was therefore sufficient to make prima facie case for appellee. There was no evidence offered under the plea of *non est factum,* and there was no proof of the matters alleged in appellant's special pleas. The court therefore properly instructed the jury at the close of all the evidence to find a verdict for the amount which appeared to be due under the prima facie case made by the appellee, to which no legal defense had been proven. The record does not disclose any error, and judgment is affirmed.

*Judgment affirmed.*