**R. D. BOND and S. H. French, Inc., a Pennsylvania Corporation**

v.

**OAK MANUFACTURING COMPANY, an Illinois Corporation, Appellant.**

**No. 13564.**

United States Court of Appeals Third Circuit.

Argued June 20, 1961.

Decided Aug. 14, 1961.

Peter B. Atwood, Chicago, Ill., (Bleakly, Stockwell & Zink, Camden, N. J., Walker & Atwood, Chicago, Ill., on the brief), for appellant.

Martin L. Haines, Mount Holly, N. J., (Dimon, Haines & Bunting, Mount Holly, N. J., on the brief), for appellee.

Before GOODRICH, McLAUGHLIN and KALODNER, Circuit Judges.

GOODRICH, Circuit Judge.

This is an appeal by the defendant from a judgment against it by the District Court for the District of New Jersey. Although the findings of fact leave much to be desired by way of precision, the district court gave an oral opinion which we may take as a finding on some points and is sufficient to give us a basis for determining the question on appeal.

The plaintiff corporation endeavored, back in 1956, to interest the defendant corporation in enlarging the scope of its

business. The defendant then and now manufactures electrical and electronic switches. In 1956 it sold its product only to original equipment manufacturers such as R.C.A., Philco and Emerson. The plaintiff suggested to the defendant that it could enlarge its business by supplying such material to jobbers and through that means capture a market never before touched by defendant. The parties proceeded by negotiation and on May 22, the plaintiff's president, Bond, met with defendant's vice president and general manager, a man named Veitch. The testimony is to the effect that Mr. Veitch, at the end of a social-business evening, said to Mr. Bond, "You have a job. It is up to you to get it done. Proceed from there." It also appears in the testimony that Mr. Veitch said in addition, "We two—I mean, We three are the type of men that a man's word is better than his contract, a written contract." Mr. Veitch did not deny the conversation but gave a different meaning to it than did Mr. Bond. It is too late to advise the parties now, but it might be suggested that putting things in writing is not a bad idea at the beginning of a new venture.

■ At any rate, the testimony indicates that the plaintiff corporation proceeded as if it had a contract with a term of two years for work on behalf of the defendant. Whatever the contract was, it was unenforceable under the Illinois Statute of Frauds and the plaintiff dropped its claim for breach of contract at the beginning of the trial of this case. The parties have assumed that Illinois law governs. We think this is correct. Whatever agreement was made was entered into in Illinois and that state is the place where at least a large part of the undertaking was to be carried out. Restatement, Conflict of Laws, §§ 332, 334, 452 (1934); Restatement, Conflict of Laws, Second, §§ 332, 332b, 334 (Tent. Draft No. 6, 1960).

■ Dropping the claim on the contract the plaintiff claims a recovery on the theory of quantum meruit. This the judge accepted. He allowed much less than the plaintiff claimed and he carefully eliminated items in the plaintiff's claim which did not bear upon the services performed for the defendant. These included a lawyer's fee which the plaintiff had paid for tax advice and a fee paid for a credit rating on jobbers in the type of business in which plaintiff wished to interest defendant.

The case is a proper one for the allowance of quasi contract recovery. The plaintiff's efforts fall within the definition of benefit taken from the Restatement of Restitution, § 1, Comment b (1937):

"A person confers a benefit upon another if he * * * performs services beneficial to or at the request of the other, * * *"

The plaintiff's efforts on behalf of the defendant fall within this description.

Furthermore, this type of case permitting a quasi contractual recovery for services performed under a contract unenforceable under the Statute of Frauds meets the approval both of the Illinois decisions and eminent authorities in the field of contracts. Leavitt v. Stern, 1896, 159 Ill. 526, 42 N.E. 869; Frazer v. Howe, 1883, 106 Ill. 563; Corbin, Contracts §§ 321, 327 (1950); Williston, Contracts §§ 534, 536 (3d ed. 1960); Restatement, Contracts § 355 (1932).

The judgment appealed from will be affirmed.

KALODNER, Circuit Judge (dissenting).

Don't allow anyone to volunteer to show you how you can better your lot or you will be quantum-meruit[ed] for his efforts even though they never bear fruit. That is the lesson taught by the majority's holding in the above.

Here the plaintiff volunteered to conduct studies of an effective method to expand defendant's direct manufacturer-to-customer activities to the field of jobber distribution and was told by the defendant to try its hand at it. Contrary to the majority's view that a "contract" was entered into between the parties is

# 754

the District Court's factual finding that there never was a contract.[1]

Moreover, the majority's view that plaintiff performed services "beneficial to or at the request" of the defendant is not sustained by the record. It shows that the defendant never put to use the unripened fruit of the plaintiff's exploratory studies and that the plaintiff did not enter into such studies at the request of the defendant.

I would reverse the judgment of the District Court.

1. The District Court in its oral opinion found:

"[T]he definiteness required of an explicit contract of this nature, the mutual-ity required of such a contract is not there."