## Dauchy Iron Works v. Wilford C. Toles.

1. SEALED CONTRACTS—*Not to be Changed by Parol.*—The terms of an executory contract under seal can not be so changed by parol as to leave a contract to be enforced which rests partly upon the agreement under seal and partly upon agreement by parol.

2. RELEASE—*Of Sealed Instrument—May be by Parol.*—But it does not follow that a discharge or release of a condition of a contract under seal may not be effected by parol. On the contrary the well established rule is that such a release may be by parol.

3. ESTOPPEL—*To Object to Alteration of Sealed Contract by Parol.*— A person can not complain of the breach of a covenant when such breach has been induced by his own acts or conduct. While this doctrine has been applied mainly in equity, yet cases are not wanting where it has as well been permitted to govern at law and in relation to sealed contracts.

Action for Rent.—Trial in the Circuit Court of Cook County, on appeal from a justice of the peace; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in this court at the March term, 1898. Reversed and remanded. Opinion filed May 26, 1898.

### STATEMENT.

This suit was begun before a justice of the peace for rent claimed to be due to appellant under the terms of a lease from appellant to appellee. The lease demised certain room in a building, and covenanted to furnish a certain amount of steam power for use in same. It contained a provision that for failure to furnish the steam power, the liability of appellant should be limited to a fixed amount per month. The lease was under seal. The cause was tried in the Circuit Court upon appeal from a judgment of the justice of the peace. It was undisputed that the rent reserved for certain months was unpaid. It was also undisputed that during a number of months no steam power was furnished to appellee. Appellee sought to set off against the rent due a claim for damages for failure to furnish power. There was a conflict in the evidence as to the reason why the power was not furnished. Appellant testified that after the execution of the lease he was told by appellee, in effect, that the power

would not be needed by him for a time, and that appellee was informed that he could have the power when he wanted it, and that it was furnished at all times when requested. Appellee denied that such an arrangement was made. Upon motion of appellee the court ordered all evidence of conversations, relative to any change of the terms of the lease as to furnishing power, to be stricken out. The court instructed the jury, in effect, that if they found from the evidence that there was no power furnished to appellee during any portion of the term in question, then that damages for such failure to furnish power should be allowed appellee as against rent due under the lease. The jury returned a verdict for the defendant, appellee. From judgment upon the verdict this appeal is prosecuted.

LOUIS M. GREELEY, attorney for appellant.

A party can not complain of a breach of contract or a covenant which he has induced by his own acts or representations. United States v. Peck, 102 U. S. 64; Fleming v. Gilbert, 3 Johns. 527; Curlee v. Reiger, 45 Ill. App. 544; Barton v. Gray, 57 Mich. 622, 636; Stearns v. Hall, 9 Cush. 31, 35; Longfellow v. Moore, 102 Ill. 289, 294; Shaw v. Turnpike Co., 2 Pen. & Watts (Penn.), 454, 461; Spence v. Healy, note of Judge Hare to Am. Ed., 8 Exch..668.

. This doctrine rests upon the principle of estoppel *in pais*. It is general in its application and applies in cases of covenant as well as in case of an agreement not under seal. Worrell v. Forsyth, 141 Ill. 22, 30; McComb v. McKennon, 2 Watts & S. 216; Fleming v. Gilbert, 3 Johns. (N. Y.) 527; Friess v. Rider, 24 N. Y. 367; Ratcliff v. Pemberton, 1 Esp. 35.

The rule that a contract under seal can not be changed by a subsequent parol agreement only applies in so far as such parol agreement remains unexecuted. A contract under seal may be modified or changed by an executed parol agreement. Worrell v. Forsyth, 141 Ill. 22, 30; Leavitt v. Stern, 159 Ill. 532; Loach v. Farnum, 90 Ill. 368.

JAMES A. PETERSON; attorney for appellee.

Parol evidence is not admissible to vary the terms of a written instrument.   Marshall v. Gridley, 46 Ill. 247; Strehl v. D'Evers, 66 Ill. 77; Mumford v. Tolman, 157 Ill. 258.

Evidence of parol agreement and understandings, antecedent to or contemporaneous with, the execution of an instrument under seal is not admissible to vary the terms of the written instrument.   Moran v. Peace, 72 Ill. App. 135; Abrams v. Pomeroy, 13 Ill. 133; Winnesheik Ins. Co. v. Holzgrafe, 53 Ill. 516; Hume Bros. v. Taylor & Moss, 63 Ill. 43; Heisen v. Heisen, 145 Ill. 658; Lane v. Allen, 162 Ill. 426.

An agreement to waive the covenants or conditions of a sealed instrument must be supported by a consideration. Moran v. Peace, 72 Ill. App. 135.

Mr. Justice Sears delivered the opinion of the court.

It is apparent that the jury reached their verdict by allowing to appellee damages for failure to furnish steam power according to the covenants of the lease.   The jury could have returned no other verdict under the rulings and instructions of the court.   The evidence which was stricken out by the court tended to show a waiver of that condition of the lease which provided for the furnishing of steam power during all the term of the tenancy.   Counsel for appellee contends that the ruling was proper, because the lease, being under seal, its provisions could not be altered by parol agreement.   In other words the contention is that because the conditions of this sealed instrument provided for the furnishing of power throughout the term of the lease, no waiver of such provision could be effected by parol, and whatever the agreement and consent of the parties may have been, yet the very fact that no power was furnished, was conclusive as to the right of appellee to damages for breach of the contract.   The rule governing is not so harsh and unreasonable.

It is true, as contended by counsel, that the terms of an executory contract under seal, can not be so changed by parol as to leave a contract to be enforced which rests partly upon the agreement under seal and partly upon agreement.

by parol. But it does not follow that a discharge or release of any condition of a contract under seal may not be effected by parol. On the contrary, the well-established rule is that such a release may be by parol. White v. Walker, 31 Ill. 422; Vroman v. Darrow, 40 Id. 172; Moses v. Loomis, 156 Id. 392.

There is another principle, closely allied to the rule above announced, which would govern. It is that one can not complain of breach of a covenant when such breach has been induced by his own acts or conduct. While this doctrine has been applied mainly in equity, yet cases are not wanting where it has as well been permitted to govern at law and in relation to sealed contracts. 2 Parsons on Contracts, 793; Fisher v. Smith, 48 Ill. 184; Moses v. Loomis, *supra.*

The evidence should not have been stricken out.

The issue as to whether appellee agreed that no power need be furnished until he had occasion to use it, and whether it was at such times furnished, should have been submitted, under proper instructions, to the jury.

The judgment is reversed and the cause remanded.