75  669
178s 122

## Arthur Lawrence v. Georgia Oglesby.

1. CONSIDERATION—*Gifts of Property by Will.*—A disposition of property by will is a sufficient consideration to support a promise by the devisee to pay money to a third person. And in this case, the evidence being sufficient to satisfy the court that unless the promise had been made the will would have been changed, appellant (the devisee) is in no better position than if the promise had been made before the execution of the instrument.

Assumpsit, on a promise made in consideration of a devise. Appeal from the Circuit Court of Logan County; the Hon. GEORGE W. HERDMAN, Judge, presiding. Heard in this court at the November term, 1897. Affirmed. Opinion filed June 3, 1898.

OSCAR ALLEN, attorney for appellant.

A. L. ANDERSON and BEACH & HODNETT, attorneys for appellee.

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

This is an appeal from a judgment for $1,500, which appellee recovered from appellant on a promise made by appellant to his father to pay appellee that sum of money.

The parties are brother and sister, and children of Alex-

ander Lawrence, deceased. The evidence in the record shows that after their father had made his will he met with an accident that caused paralysis and ended his life in a few weeks. By the will appellant was bequeathed property, real and personal, of the value of $20,000, and appellee a life estate in ninety acres of land of the value of $7,000. With a view doubtless of a more equitable disposition of his property than the terms of the will provided, the deceased had, before meeting the accident, contemplated building upon the land bequeathed to appellee a dwelling house to cost $1,500, and had promised appellee to do so. After the accident, and while he realized that he had but a few days to live, he called appellant to his bedside and exacted from him a promise to pay to appellee $1,500. Upon that promise a special count was framed which, with the common counts, constituted the declaration. Plea of the general issue was filed, and a trial had by the court without a jury, resulting in a judgment as above stated.

The chief cause for reversal assigned and argued is that there was no consideration for the promise. The defense interposed upon the trial was that after appellant had made the promise to his father it was, by agreement, modified so as to make the payment of the $1,500 conditional upon his making the money off the land which had been bequeathed to him. He testified that subsequent to the conversation in which he promised to pay appellee the $1,500 (a conversation at which his aunt was present at the request of the deceased), he told his father that he did not have the $1,500 to pay his sister, and desired to know whether his father expected him to mortgage the land to raise the money to pay her, to which his father replied, no; that he only wanted him to pay it as he should make it off the land. He said that no other person was present at that conversation, and he does not appear to have said anything about it until weeks after his father was dead and buried. Evidently the trial court did not believe him. As it is earnestly insisted that the agreement first made was modified by appellant and his father in the subsequent conversation whereby he

had agreed to pay appellee the $1,500 only as the money should be made by him from the farm, which had not at the time of the commencement of the suit occurred, we shall dispose of that contention before considering the more important one of want of consideration for the promise. We have grave doubts of the admissibility of appellant's testimony as to the second conversation. But whether admissible or not we do not believe it. He knew how solicitous his father was to have his desires understood in the first conversation. After dismissing from his presence all others who were in his room, his father called a Mrs. Turner and appellant to his bedside and said: " I want you to hear what I am going to say; I have made my will." He then said to appellant, " I want you to pay Georgia $1,500, not mentioned in my will. Do you hear that ? " Appellant answered that he did. Then to Mrs. Turner he asked, " You hear that, Frank ? " Mrs. Turner answered that she did. He then asked of appellant, " Will you do that, Arthur ? " To which appellant replied that he would. If a modification as grave as the one stated by appellant was to be made it would be but natural that the father would want some witness to it. And if such modification was made it seems strange that appellant should keep that fact concealed during the remainder of his father's days and for five or six weeks after his death. When questioned by his sister about the $1,500 he gave no intimation of a modification, but told her that he had agreed with his father to pay her that sum and promised her to do so without limitation or condition. We are satisfied there was no such modification and that the idea of urging it did not occur to appellant until after his father's death.

Counsel for appellant recognizes the general rule of American courts that the person for whose benefit a promise is made may maintain an action in his own name although the consideration does not move from him, and concedes that appellee may recover on appellant's promise if a recovery could be had at all upon the promise. He contends, however, that no recovery whatever can be had for the reason that the promise was not supported by a considera-

tion.  He urges that the consideration alleged in the decla-
ration was that Alexander Lawrence would not change
his will and thereby take from appellant the portion that
had already been bequeathed to him, and yet there is no
proof whatever that any change in the will was threat-
ened or contemplated.  He insists that without proof of
some declaration of Alexander Lawrence that unless appel-
lant would agree to pay his sister $1,500 he would change
the will, she must fail in her suit.  We do not think that
appellee was narrowed by her pleading or otherwise to
proof of a declaration on the part of her father that unless
appellant would make such a promise he would change his
will.  The declaration alleges that her father, having made
a will in which he bequeathed to her property valued at
$7,000 and to appellant property valued at $25,000, and desir-
ing to equalize the disposition of his property, had agreed
to build her a house of the value of $1,500, but that he was
fatally injured on the 29th of June, 1896, and yet desiring
to fulfill his agreement with her and thereby equalize the
disposition of his property, " in consideration of the prem-
ises and that Alexander Lawrence would not change his
will," appellant then and there agreed with his father that
he would pay appellee $1,500 within a reasonable time.

Counsel for appellant lays great stress upon the fact that
the will was made long before the promise, and that there-
fore no provision contained in it beneficial to appellant can
be regarded as induced by his promise.  From that he
argues that the only sufficient consideration to support it
was an agreement that the will should not be changed.  The
fallacy of the argument lies in the implied assumption that
appellant had already acquired some interest in the provis-
ions of the will.  At the time of the promise that instru-
ment was ambulatory and remained so until the death of
Alexander Lawrence.  It was liable to be changed, and
any one reading the evidence disclosing the desires of the
testator, can not but reach the conclusion that it would
have been changed had appellant declined to promise to
pay to his sister the amount of $1,500 intended for her.

Lawrence v. Oglesby.

Appellant knew that his father had promised to construct a dwelling house for her to cost that sum of money, and that the cost of construction would decrease the amount of his father's personal estate (all of which was bequeathed to him) to that extent. The father was prevented from carrying out his agreement with his daughter by the accident that caused his death. But he still desired that she should have the $1,500 and, so desiring, he exacted from the person who would inherit all his personal estate, provided the will was not changed, a promise to pay it. Can it be said, then, that there was no consideration for the promise? That before a court would be warranted in saying there was a consideration, it must appear in proof that the father, in so many words, declared that unless appellant so promised he would change his will? We unhesitatingly say that the disposition of property in favor of appellant was sufficient consideration to support the promise. Had the promise been made before the execution of the will with the understanding upon the part of appellant that the superior bequests in his favor would be made upon the faith of the testator that the promise would be fulfilled, it would hardly be contended that there was no consideration. The will being ambulatory and the conditions being such as to satisfy us that without the promise it would have been changed, appellant is in no better position than if the promise had been made before the execution of the instrument. In our view we feel that we are fully sustained by the following authorities: Drakeford v. Wilks, 3 Atk. 539; Barrow v. Greenough, 3 Ves. 152; Byrn v. Godfrey, 4 Ves. 6; Strickland v. Aldridge, 9 Ves. 516; Russell v. Jackson, 10 Hare, 204, 211.

The promise was made with a view of preventing any change in the will and the will was allowed to stand upon the faith of the testator that appellant would redeem his promise. The judgment should therefore be affirmed.

Judgment affirmed.