## WILLIAM A. STARIN

*v.*

## CHARLES J. F. KRAFT.

*Opinion filed June 18, 1898.*

1. APPEALS AND ERRORS—*when the Supreme Court will not consider objection that bill of exceptions was not sealed.* An objection that the Appellate Court erred in passing upon the merits of the questions raised because the bill of exceptions was not sealed will not be considered by the Supreme Court when raised for the first time upon the submission of the case in that court.

2. EVIDENCE—*parol evidence not admissible to change sealed executory contract.* A sealed executory contract giving an option on land, which refers to the property as "estimated to contain forty-five acres, * * * the precise quantity of land in said estimated tract to be ascertained by a correct survey of the same," cannot be changed, so as to make good a tender of a sum based on the estimated quantity, by proof of a parol arrangement between the parties whereby the proposed vendor agreed to accept the estimate as the correct amount.

3. ESTOPPEL—*equitable estoppel cannot be invoked at law to enforce parol change in sealed executory contract.* In an action at law on a sealed executory contract to convey an estimated quantity of land, the precise amount to be ascertained by survey, the plaintiff cannot invoke the doctrine of equitable estoppel to preclude the defendant from denying the effect of a subsequent parol executory agreement waiving the condition requiring the survey and accepting the estimate as correct.

*Starin* v. *Kraft,* 73 Ill. App. 371, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. PHILIP STEIN, Judge, presiding.

WILLIAMS, HOLT & WHEELER, and FREDERICK S. NAVE, for appellant.

HALEY & O'DONNELL, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

William A. Starin, appellant, began this suit in the Superior Court of Cook county in assumpsit, against appellee. The pleas amount to the general issue. A trial by jury resulted in a verdict for the plaintiff for $7975. The court, overruling a motion by the defendant for new trial, gave judgment on the verdict for the full amount, and costs. The Appellate Court reversed that judgment without remanding the case, and plaintiff below appealed.

The action grew out of a contract dated December 15, 1890, signed, sealed and acknowledged by the defendant, Kraft, on December 18, 1890, he agreeing to give the plaintiff, Starin, the option to buy a tract of land at $325 per acre, the agreement reciting, "estimated to contain forty-five acres, * * * the precise quantity of land in said estimated tract to be ascertained by an accurate survey of the same, the expense of said survey to be borne by the said William A. Starin." The contract required written notice by Starin to Kraft of his decision to purchase, by March 1, 1891. No survey of the land was made by either party. On February 26, 1891, Starin gave Kraft written notice of his intention to purchase, and also made a formal tender of payment for the land on the basis that the tract contained forty-five acres. Kraft refused to accept the money and to convey the premises.

Upon the trial it was claimed by Starin that in January, 1891, he and the defendant, by a parol agreement,

modified the written contract under seal, by which parol agreement Kraft agreed to accept the estimate of forty-five acres as the contents of the tract. This was denied by Kraft. The court submitted to the jury, among others, the following question for a special finding: "Did the plaintiff and the defendant, after the signing of the contract sued on, agree upon forty-five acres as being the quantity of the land for the purposes of the contract sued on?" To this the jury returned the answer yes. The Appellate Court made no finding of fact in its judgment.

It is insisted that the Appellate Court erred in passing upon the questions raised before it because the bill of exceptions set forth in the record was not sealed by the judge who signed it. By agreement of the parties the original bill of exceptions was incorporated into the record. Appellee has been permitted to file in this court a copy of the brief and argument of the appellant (there the defendant in error) in the Appellate Court, which shows that the questions raised in that court were discussed upon the merits as being properly before that court. Neither has the validity of the bill of exceptions been questioned in this court, by motion or otherwise, prior to the submission of the case. We are now asked to reverse the judgment of the Appellate Court because of a matter which it neither decided nor was asked to decide. The defect is one which could have been readily removed by amendment. It cannot be availed of now. *Hughes* v. *City of Momence*, 163 Ill. 535; *National Bank of Lawrence County* v. *LeMoyne*, 127 id. 253.

The only question argued on the merits in this court is, whether the subsequent parol modification of the original contract of sale, which was under seal, to consider the amount of land to be sold as forty-five acres instead of making a survey as provided by the instrument, was, as a matter of law, effective to alter the terms of that instrument. That question was raised upon the trial both by the admission of the offered proof of the parol agree-

ment, over the objection of the defendant, and the refusal of the court to give instructions asked by the defendant. It was not claimed by the plaintiff below, on the trial, that he had complied with the terms of the original contract or offered to do so. The whole case therefore depends upon the legal proposition discussed, and we are clearly of the opinion that the Appellate Court decided it correctly. It is not denied that an executory contract under seal cannot be changed by parol. (See authorities cited in opinion of Appellate Court; also, *Leavitt* v. *Stern*, 159 Ill. 526, and *West Chicago Street Railroad Co.* v. *Morrison, etc. Co.* 160 id. 288.) The contention that the case does not fall within that general rule is properly answered and disposed of in the opinion of the Appellate Court, as follows:

"It cannot be maintained, as is argued by counsel, that the parol agreement to substitute the fixed amount of forty-five acres for the actual amount to be ascertained by survey was an executed parol agreement. The entire agreement, which is set up by defendant in error as the basis of his suit, is partly under seal and partly by parol, and altogether executory; and that it has never been executed, either as to the provisions under seal or the provision by parol, is determined by the fact that a tender of performance in accordance with the parol provision on the one side, and a refusal to so perform on the other, constitute the grounds of the suit. But it is contended by counsel for appellee, that where, by parol, a condition of a sealed instrument is waived, and the parties act, or fail to act, because of such waiver, the doctrine of estoppel will preclude a denial of the effect of the parol agreement,—and in support of this contention they cite *White* v. *Walker*, 31 Ill. 422; *Vroman* v. *Darrow*, 40 id. 171; *Fisher* v. *Smith*, 48 id. 184; *Defenbaugh* v. *Weaver*, 87 id. 132; *Worrell* v. *Forsyth*, 141 id. 22; *Moses* v. *Loomis*, 156 id. 392. In *Worrell* v. *Forsyth* the parol agreement had been fully executed. In each of the other cases it will be found, upon examination, that the facts constituted a waiver of

the terms or conditions in question, which waiver was in the nature of a release, surrender or discharge, and hence would come under the rule here obtaining, that a contract under seal may be released, surrendered or discharged by matters *in pais*. No one of these decisions announces that any such parol waiver of a condition could operate to introduce any new element into the sealed contract, so that thereby a new executory contract would be created, which would depend partly upon the conditions under seal and partly upon the conditions by parol for its enforcement. Whether the contention of counsel be presented as a proposition that waiver by parol may be effected where the waiver amounts to release or discharge only, or as invoking the doctrine of equitable estoppel, it is in either case, as we view it, equally inapplicable to the facts here. The attempted modification here cannot be treated merely as abrogation, surrender or release, by parol, of a condition of the sealed instrument. There is not here the mere subtraction of an element or condition of the sealed contract without changing its import, but, on the contrary, there is the attempted substitution of new matter which is essential to sustain the right of action. The parol agreement must operate, if at all, not only to waive the agreement to sell a number of acres, to be ascertained by survey, at a fixed price per acre, but as well to substitute therefor an agreement to sell a larger number of acres at a smaller price per acre. Nor can we concede that the doctrine of equitable estoppel may be applied at law to enforce such a change by parol in a sealed executory contract. We regard the parol agreement sought to be made a part of this executory contract under seal as insufficient, if established, to support his suit for breach of it."

Concurring in the views here expressed, the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*