## John C. Robinson v. Louis R. Nessel.

1. EVIDENCE—*Tending to Contradict a Written Agreement—When Oral Testimony is Competent.*—Oral evidence tending to show that an alleged written contract was never intended to be operative between the parties, and that it never in fact had a legal existence—that its sole and only purpose was to overcome certain objections of a trades union—that it was not to be acted upon by the parties to it, and that in truth and in fact the real contract was an oral agreement, is competent.

**Assumpsit** for wages. Trial in the Circuit Court of Cook County; on appeal from a justice of the peace; the Hon. JOHN C. GARVER, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the March term, 1899. Reversed and remanded. Opinion filed December 14, 1899.

W. A. SHERIDAN, attorney for appellant.

No appearance by appellee.

MR. JUSTICE WINDES delivered the opinion of the court.

Appellee recovered a judgment in a justice court from which appellant appealed to the Circuit Court of Cook

County, where a trial before the court and a jury resulted in a verdict in favor of appellee and against appellant for $93.65, on which a judgment was rendered, from which this appeal is taken.

Suit was brought for services by appellee for appellant, rendered pursuant to a certain sealed written contract of apprenticeship between appellee and appellant, dated July 1, 1892, by which appellee was bound to appellant as an apprentice in the trade of masonry for the term of three years, to wit, from the date of the contract to July 1, 1895, appellant agreeing thereby to pay appellee for the first year's services $200, for the second year $350, and for the third year $500. Appellee claimed for work done in and prior to July, 1894, at which time he ceased to work. It is conceded by appellant that the evidence shows a *prima facie* case in favor of appellee, but that there was error in the exclusion of evidence by the court.

Appellant, in the course of his defense, while on the stand, through his counsel, offered evidence tending to show that the contract of apprenticeship between appellee and appellant, which was the basis of appellee's action and under which he testified that he rendered the services for which the suit was brought, was never in force, and was not in fact the contract under which such services were rendered, was intended only for exhibition to the Bricklayers' Union, and that the real contract entered into between appellant and appellee, under which the services sued for were rendered, was an oral contract, by which appellee was to work for $1 a day the first year and $1.50 a day the second year, and that appellee was paid in full for all services which he rendered to appellant. The learned trial judge, however, refused to admit the evidence so offered, except as to the amount paid, apparently upon the theory that the written contract of apprenticeship was the real and only contract between the parties, and that any evidence which tended to show that such contract was never intended to be and never was in force between the parties, was incompetent, for the reason that it was an attempt to vary a written contract by parol.

This ruling of the trial judge was, in our opinion, erroneous. The offered evidence was not for the purpose of varying or contradicting the terms of the written contract sued on, but tended to show that the alleged written contract was never intended to be operative between the parties, and that it never in fact had a legal existence; that its sole and only purpose was to overcome certain objections of the Bricklayers' Union; that it was not to be acted upon by the parties to it, and that in truth and in fact the real contract under which appellee worked for appellant was an oral agreement, by which appellee was to be and was paid by the day a higher rate of wages than that provided by the written agreement, but the hiring was by the day. 1 Greenleaf's Evid., Secs. 284, 302 and 303; 2 Wharton's Evid., Sec. 927, and notes; 2 Jones on Evid., Secs. 444, 447 and 448; Dauchy Iron Works v. Toles, 76 Ill. App. 669, and cases there cited; Brewster v. Reel, 74 Ia. 506; Perry, Jr., v. C. Southern C. Rd. Co., 5 Cold. (Tenn.), 136-145.

In the Brewster case, *supra*, it was held that evidence was competent in a suit on a written agreement which tended to show " that the instrument never in fact had a legal existence."

In the Perry case, *supra*, the court recognizes the rule that parol contemporaneous evidence is not admissible to contradict or vary the terms of a valid written agreement, but that the rule was not infringed by the introduction of parol evidence which showed that the " instrument never had a legal existence or binding force."

The evidence was also admissible as tending to show a waiver of the written agreement or a discharge of the parties from its terms. This court, in the Dauchy Iron Works case, *supra*, Mr. Justice Sears, speaking for the court, in reference to a discharge or release of a condition of a contract under seal, said: " The well established rule is that such a release may be by parol." See also Worrell v. Forsyth, 141 Ill. 22; and Moses v. Loomis, 156 Ill. 392.

For the error in excluding the offered evidence, the judgment is reversed and the cause remanded.