## Cyrus S. Morehouse v. A. S. Terrill.

### Gen. No. 10,844.

1. BREACH OF CONTRACT—*what gives cause of action for inducing a.* Where one maliciously interferes with respect to a contract between two parties and induces one of them to break such contract to the injury of the other, the injured party may maintain an action against the wrongdoer.

2. PAROL EVIDENCE—*competency of, to affect a specialty.* The terms of a contract under seal cannot be varied except by an instrument of the same dignity, and this notwithstanding such contract would have been valid without a seal; but the mere waiver of one of the terms or of a condition of such a contract, which waiver operates merely by way of release or discharge but leaves the contract otherwise unchanged, may be shown by parol.

3. CONTRACT—*when becomes effective.* A contract exists and becomes effective as soon as one copy thereof is executed; the subsequent execution of a duplicate is a mere formality or ministerial act, not affecting the operative nature of the contract itself.

4. PERFORMANCE—*when obligation to place one's self in readiness for, is absolved.* Where one party to a contract puts it beyond his power to perform, the other party thereto need not place himself in a position of readiness to perform; a mere allegation in his pleading that he was ready and willing to perform, is sufficient.

5. GUARANTY POLICY—*when evidence as to the readiness of .a guaranty company to issue, is competent.* Held, in this case, that it was competent for an official of a guaranty company to state that his company had passed upon the title to real estate and was at a particular time ready to issue a guaranty policy thereon.

6. LETTERS—*when, competent in favor of their writer.* Letters written by a party to a transaction while the same is *in fieri* are sometimes competent in behalf of the writer to show intention, notice, or as an inducement to the allowance of punitive damages.

7. ACTION ON THE CASE—*when, does not lie.* An action on the case does not lie for the breach of a contract to convey land, notwithstanding such breach may be accompanied or followed by the conveyance of the *res* to another, since the breach, and not such conveyance, is the

proximate cause of the injury.   A recovery in case would be no bar to a recovery in assumpsit, and therein lies the reason of the rule.

Action on the case for inducing breach of contract.   Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding.   Heard in the Branch Appellate Court at the October term, 1902.   Reversed and remanded.   Opinion filed December 18, 1903.   Rehearing denied January 26, 1904.

C. H. REMY and J. B. MANN, for appellant.

JULE F. BROWER and SAMUEL B. KING, for appellee.

**Statement by the Court.**   This was an action on the case to recover damages from appellant for his having wilfully induced one Dooley to break a contract he had entered into with appellee for the purchase of some real estate.

On or about May 18, 1900, appellee accepted verbally a written proposition of that date made him by appellant and providing for an exchange of the latter's farm in McLean County, Illinois, subject to an incumbrance of $4,000, for the former's house and lot known as 1257 Fulton avenue, in Chicago, subject to an incumbrance of $4,250 and a payment of $2,000.   Appellant was to furnish an abstract showing a good title in him to the farm, and appellee, a guaranty policy of title to the lot by the Security Title and Trust Company.

This contract was superseded by a more formal one under the seals of the parties, dated May 22, 1900, which imposed upon appellee the additional obligation of also furnishing an abstract of title, each party to hand his abstract to the other within six days from the date of the contract, and deeds to be passed and the deal closed on or before June 1, 1900.

By a written contract, also dated May 22, 1900, appellee agreed to sell to William H. Dooley, and he agreed to buy from appellee, the farm of appellant for $9,000, appellee to furnish an abstract showing good title in him to the farm, except as to the $4,000 incumbrance which the purchaser was to assume; deed to be delivered to Dooley on or before

June 1, 1900, at which time he agreed to pay appellee, in cash, $5,000, being the difference between the purchase price and the incumbrance.

By falsely representing to Dooley that the contract between appellant and appellee " had fallen through," appellant, on May 27, 1900, procured Dooley to break his contract with appellee, and then violated his own contract with the latter by selling and conveying the farm to Dooley for $9,000 without appellee's knowledge and thereby causing him a loss of at least $2,000 which appellee would have made as a profit if appellant had conveyed the farm to him.

The jury were instructed *inter alia* that they might award punitive damages against appellant if they found that he had acted maliciously in the premises. There was a verdict and judgment against him for $2,000.

Mr. Justice Stein delivered the opinion of the court.

First. Appellant's motion to direct the jury to find him not guilty was properly overruled. The foregoing facts show a cause of action against him for the tort committed upon appellee, in inducing Dooley, by a false statement of fact, to break his contract with appellee for the purchase of the farm. If one maliciously interferes in a contract between two parties and induces one of them to break that contract to the injury of the other, the party injured can maintain an action against the wrongdoer. Angle v. Ry. Co., 151 U. S. 1; Benton v. Pratt, 2 Wend. 385; Rice v. Hanley, 66 N. Y. 82; Doremus v. Hennesey, 176 Ill. 609. In the case last cited, the Supreme Court say (p. 617, quoting from Bowen v. Hall, L. R. 6 Q. B. Div. 333): "Merely to persuade the person to break his contract may not be wrongful in law or in fact; but if the persuasion be used for the direct purpose of injuring the plaintiff * * * it is actionable if injury results from it." Upon rehearing, after distinguishing the case before them from the English case of Allen v. Flood, then lately decided, the court say (p. 619): "Here existing contracts which were a property right in the plaintiff were broken; and this was brought

about by the action of the defendants in inducing those contracting with her to violate their contracts."

Second. The second contract between appellant and appellee was executed in duplicate. Over the objection of appellant the court received proof that after the execution of one instrument and before the execution of the other he had by parol waived the provision of the contract requiring appellee to furnish an abstract of title to his lot. Both parties treat the furnishing of such abstract (unless waived) as a condition precedent to the maintenance of the action; and assuming this to be the law (as to which we express no opinion) the question arises whether proof of the parol waiver was admissible.

It is the long established law of this state that the terms of a contract under seal cannot be varied except by an instrument of the same dignity. Ryan v. Cooke, 172 Ill. 302; Starin v. Kraft, 174 Ill. 120. And this is' so even if the contract would have been valid without a seal. Hume v. Taylor, 63 Ill. 43; Leach v. Farnum, 90 Ill. 368. But a mere waiver of a term or condition may be shown where it is in the nature of a release or discharge and leaves the contract otherwise unchanged and introduces no new element into it. Moses v. Loomis, 156 Ill. 392; Starin v. Kraft, *supra;* Palmer v. Meriden B. Co., 188 Ill. 508; Dauchy Iron Works v. Toles, 75 Ill. App. 669; Robinson v. Nessel, 86 Ill. 212. In the case at bar the waiver operated as a release of the provision requiring appellee to furnish an abstract of title and was proper to be shown.

The circumstance that the conversation constituting the waiver was held between the execution of the contract and that of the duplicate original, is of no importance. When the instrument first executed by the parties had been signed and delivered, there was a valid and binding contract even if the duplicate had not been executed. Hence the rule that a written contract cannot be altered or modified by proof of what was said by the parties before or during the making of it, does not apply.

Third. Under the contract between the parties appellee

was not bound to convey nor make payment until June 1, 1900. Two days before that time, appellant conveyed to Dooley the farm which he was under contract to convey to appellee not later than June 1. Such being the case, appellee was absolved from performing the useless act of placing himself in readiness or ability to perform. It was enough that he was ready and willing and offered to perform in his pleading. Scott v. Beach, 178 Ill. 273; Lyman v. Gedney, 114 Ill. 388; Risinger v. Cheney, 2 Gil. 54.

Fourth. There was no error in the court's receiving in evidence and refusing to strike out appellant's proposition accepted by appellee. It was properly pleaded in the declaration and was part of the history of the transactions of the parties. At all events, the error, if any, was harmless, especially as the jury were told at the request of appellant that "by the contract made   *   *   *   on May 22, 1900, the contract of May 18 was cancelled and from thenceforth had no binding force as to either of the parties."

Fifth. The contract of May 22 obligated appellee to furnish a guaranty policy of title to his lot by the Security Title and Trust Company, and we see no objection to the court's permitting its vice-president to testify that he had charge of the guaranty part of its business and passed upon the issuance of guaranty policies; that the company had passed favorably upon the application for the policy and would have issued it if requested. We have already seen that the actual issuing and tendering of the policy was rendered unnecessary by appellant's placing it out of his power to perform his contract with appellee.

Sixth. On May 29, appellee wrote appellant the following letter (omitting the formal parts):

"I have received the statement on the guarantee policy 1257 Fulton street. There are no objections to the title and they are ready to issue the policy. I expected you in yesterday or to day. I am all ready now to close the matter up and wish you would call in to-morrow before twelve o'clock so that we can arrange definitely when to close it up and pass the deeds."

Appellant did not reply nor have any conversation about

the letter with appellee.   It is now claimed that the action of the court in receiving the letter was, in effect, allowing appellee to make evidence for himself.   Appellant having disabled himself from performing, the alleged error was harmless.   But we are of opinion that the letter was properly admitted because it was a declaration of one party to a transaction *in fieri* to the other concerning the progress of the transaction, because it showed notice to appellant of appellee's willingness and ability to perform his part of the contract, and because it bore on the subject of punitive damages as proving appellant's knowledge of appellee's belief that it was the intention of both parties to consummate their contract and as proving appellant's willingness to let appellee continue to entertain that belief, although appellant had on the day of the date of the letter conveyed the farm to Dooley.   It might well have been argued that his silence and failure to answer the letter tended to show that he had not acted rightly in conveying to Dooley and wanted to keep appellee in ignorance of that fact as long as possible.

Seventh.   Excluding the loss sustained by appellee by reason of appellant's failing to convey the farm to him, the only actual damage shown to have been suffered by him is one dollar which he paid for the drawing of the contract. The verdict and judgment are for $2,000.   $1,999 were therefore awarded by the jury either as punitive damages, or loss of the profit which appellee would have realized by a conveyance to him of the farm, or for a combination of both.   If the jury allowed the $1,999 as and for punitive damages, the amount was grossly excessive and out of all proportion to the gravity of the wrong committed by appellant.   Counsel for appellee seem to be of the opinion that the verdict is for actual damages.   They say it "is for the smallest amount of actual damages which can be computed on the proofs of appellee."   We agree with them that the entire verdict, or, at least, much the greater part of it, is for actual damages.

Can appellee recover in this form of action the damages

growing out of appellant's breach of his obligation to convey ? If he can, there is nothing to hinder him from again recovering them from appellant in an action based directly upon the contract. The proximate cause of appellee's loss was appellant's breach of the contract, and not his act in conveying the farm to Dooley. That was simply the mode by which he broke his contract. Appellee never acquired title to the farm. It was not conveyed to him. Had it been, and had appellant then wrongfully interfered in the contract between appellee and Dooley and induced the latter to break it, the verdict might have been proper.

Other errors are assigned but we do not pass upon them as they are all of such a character that they can either be eliminated by amendment or need not happen again at a future trial.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*