**E. P. Wolf, Appellee, v. D. M. Ladd, Appellant.**

**Gen. No. 25,558.**

1. APPEAL AND ERROR, § 1245*—*when error cannot be alleged on appeal.* Where parties to a suit involving a lease try the case in the trial court on the theory that the lease may be varied by oral evidence, the defendant should not be permitted to shift his position on appeal and contend that the oral evidence was inadmissible.

2. LANDLORD AND TENANT, § 476*—*when oral notice of termination of lease is proper.* A provision in a written lease for a year, requiring that 60 days' written notice be given the lessee by the lessor of the lessee's intention to terminate the lease at the end of the term, may be waived and such notice given by parol, and the question whether this was done is one of fact.

Appeal from the Municipal Court of Chicago; the Hon. DENNIS W. SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1919. Affirmed. Opinion filed December 22, 1920.

McMAHON, GRABER & ELWARD, for appellant.

CHARLES M. HAFT, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought an action of forcible detainer against defendant claiming that defendant was illegally withholding possession of a flat in the building known as 1463 East 68th street, Chicago. The case was tried before the court without a jury and there was a finding and judgment in favor of plaintiff, to reverse which defendant prosecutes this appeal.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Wolf v. Ladd, 220 Ill. App. 312.

The record discloses that plaintiff, the owner of the premises in question, entered into a written lease with defendant demising the apartment from May 1, 1918, to April 30, 1919, at a monthly rental of $34 payable in advance.   The premises were demised "from the 1st day of May, A. D. 1918, until the 30th day of April, A. D. 1919, provided sixty days written notice is given lessor by lessee of lessee's intention to terminate this lease on said last mentioned date, otherwise this lease shall continue from year to year until terminated by like notice in some ensuing year. Lessor is entitled to terminate this lease upon like notice to lessee at like dates."

On the trial plaintiff introduced the lease in evidence and testified that on March 2, 1919, he had a conversation with the defendant in reference to the tenancy.   He testified as follows: "I told him other tenants in the building were complaining of the noise made by his children, and asked him to move.   He said he did not wish to live where he was not wanted and that he would move on April 30, 1919:   *   *   *   I immediately caused the premises to be leased to another tenant.   Mr. Ladd did not move on April 30. He is still in possession."   Plaintiff also introduced in evidence a letter from his agents to defendant dated April 26, 1919, replying to defendant's letter of April 24, wherein defendant stated he wanted to remain in the flat another year.   The agents' letter advised him that his notice was too late, and that:

"On March 2 last, the writer called on you in regard to same and on your saying that you would not stay, he put up a 'For rent' sign and rented the apartment, of which fact you have been aware since March 5 last.

"Please take notice that we demand possession on the morning of May 1 next, of the apartment which you are now holding from us, namely, the second floor of No. 1463 East 68th street.

"We wish to call your attention to clause 8 in your

lease which calls for $10.00 per day for each day that you remain in said apartment after May 1. Trusting that you will vacate said apartment at the proper time, without any further trouble, we remain,'' etc.

Defendant testified on behalf of himself that he had a conversation with plaintiff on March 2, 1919: ''He (plaintiff) said other tenants in the building at 1463 East 68th, street were complaining about the noise made by my children and asked me to guarantee that they would make no noise. I told him I could make no such guaranty. He then asked me if I would move into a lower flat in the same building. * * * I did not tell him I would vacate the premises on April 30.'' Defendant further testified that he was still in possession and desired to remain and was willing to pay the rent. This is substantially all of the material evidence in the case.

The defendant in his original brief argues that the judgment is wrong and should be reversed for the reason that the 60 days' written notice provided in the lease was not given; that the evidence shows that the only notice given was the notice contained in the letter from plaintiff's agent dated April 26, 1919, which was only 4 days' notice instead of 60 days' notice. Plaintiff in his brief argues that the oral notice given March 2 was a sufficient compliance with the provisions of the lease, and that defendant waived the provision requiring the written notice. Defendant, in his reply brief, takes the position that the lease being under seal and requiring a written notice would not be satisfied by the giving of an oral notice for the reason that a sealed instrument cannot be modified by a subsequent parol agreement. In support of this defendant cites the cases of *Baltimore & O. & C. R. Co. v. Illinois Cent. R. Co.*, 137 Ill. 9; *Leavitt v. Stern,* 159 Ill. 526; *Starin v. Kraft,* 174 Ill. 120, and other cases. On the trial both the plaintiff and defendant testified concerning the oral notice of March 2. On

the one hand, plaintiff testifying that at that time it was orally agreed between them that defendant would vacate the premises on May 1, and on the other hand, defendant denying that he said he would do so. No objection was offered by either side to the introduction of this testimony, but both parties tried the case as though this evidence were competent apparently on the theory that a lease under seal could be varied by parol. Therefore, we might without further discussion say that having taken this position in the trial court the defendant could not shift his position here, but we prefer to base our decision on the legal proposition presented. We think the authorities cited by defendant are not in point. In the *Baltimore & O. & C. R. Co.* case there was a lease under seal between two railroad companies concerning the use of certain land. It was held that after the execution of the lease it could not be modified by a subsequent parol agreement whereby the lessee sought to elect to take different land from that demised in the lease. In the *Leavitt* case, which was an action for rent on a lease under seal, it was held that the tenant could not set off damages he had sustained by the breach of a subsequent oral contract which provided for the leasing of the same premises for a period of 6 years. The *Starin* case was an action of assumpsit brought by Starin to recover damages for the breach of an option contract for the sale of a tract of land. The agreement entered into by the parties provided that plaintiff was to purchase from defendant a certain tract of land estimated to contain 45 acres, the precise acreage to be ascertained by a survey. No survey was made within the time specified in the option contract but Starin contended that the parties had by a subsequent parol agreement modified the written contract which was under seal whereby the defendant agreed to accept the estimate of 45 acres as the contents of the tract to be sold. It was held that the con-

tract under seal could not be modified by such parol agreement. The court there said (p. 122): "That question was raised upon the trial both by the admission of the offered proof of the parol agreement, over the objection of the defendant, and the refusal of the court to give instructions asked by the defendant. * * * It is not denied that an executory contract under seal cannot be changed by parol. * * * But it is contended by counsel for appellee, that where, by parol, a condition of a sealed instrument is waived, and the parties act, or fail to act, because of such waiver, the doctrine of estoppel will preclude a denial of the effect of the parol agreement." The court then cites authorities, among them *Worrell v. Forsyth,* 141 Ill. 22, and continuing the court said that in that case "the parol agreement had been fully executed. In each of the other cases it will be found, upon examination, that the facts constituted a waiver of the terms or conditions in question, which waiver was in the nature of a release, surrender or discharge, and hence would come under the rule here obtaining, that a contract under seal may be released, surrendered or discharged by matters *in pais.* No one of these decisions announces that any such parol waiver of a condition could operate to introduce any new element into the sealed contract, so that thereby a new executory contract would be created, which would depend partly upon the conditions under seal and partly upon the conditions by parol for its enforcement. * * * The attempted modification here cannot be treated merely as abrogation, surrender or release, by parol, of a condition of the sealed instrument. There is not here the mere subtraction of an element or condition of the sealed contract without changing its import, but, on the contrary, there is the attempted substitution of new matter which is essential to sustain the right of action. The parol agreement must operate, if at all, not only to waive the agreement to sell a

number of acres, to be ascertained by survey, at a fixed price per acre, but as well to substitute therefor an agreement to sell a larger number of acres at a smaller price per acre. Nor can we concede that the doctrine of equitable estoppel may be applied at law to enforce such a change by parol in a sealed executory contract." From the foregoing it will be seen that none of the cases cited sustains defendant's position, for in the instant case the giving of the oral notice for the termination of the lease was simply a release of that condition and did not leave the contract partly in writing under seal and partly oral. It is a well-established rule of law that a condition of a contract under seal may be released by parol. *Dauchy Iron Works v. Toles,* 76 Ill. App. 669; *White v. Walker,* 31 Ill. 422; *Vroman v. Darrow,* 40 Ill. 171; *Smith v. Snyder,* 168 Pa. 541. The *Toles* case was an action brought to recover rent under the terms of a lease under seal. There was no dispute but that the rent claimed had not been paid and was due, but the tenant claimed damages by reason of the failure of the landlord to furnish steam power as was provided for in the lease. It was conceded that the power had not been furnished, but the landlord contended that after the execution of the lease the tenant told him that steam power would not be needed for some time and that the landlord thereupon stated that he would furnish the power when requested, and that this was agreed to. The tenant denied this. Afterwards all of this evidence was, on motion of the tenant, stricken out. The court held that this was error and that the evidence should have been submitted to the jury for their determination of the question of fact presented. In delivering the opinion of the court, Mr. Justice Sears said (p. 671): "The evidence which was stricken out by the court tended to show a waiver of that condition of the lease which provided for the furnishing of steam power during all the term of the

tenancy. Counsel for appellee contends that the ruling was proper, because the lease, being under seal, its provisions could not be altered by parol agreement. In other words, the contention is that because the conditions of this sealed instrument provided for the furnishing of power throughout the term of the lease, no waiver of such provision could be effected by parol, and whatever the agreement and consent of the parties may have been, yet the very fact that no power was furnished was conclusive as to the right of appellee to damages for breach of the contract. The rule governing is not so harsh and unreasonable.

"It is true, as contended by counsel, that the terms of an executory contract, under seal, cannot be so changed by parol as to leave a contract to be enforced which rests partly upon the agreement under seal and partly upon agreement by parol. But it does not follow that a discharge or release of any condition of a contract under seal may not be effected by parol. On the contrary, the well-established rule is that such a release may be made by parol. *White v. Walker*, 31 Ill. 422; *Vroman v. Darrow*, 40 Ill. 172; *Moses v. Loomis*, 156 Ill. 392." Since no point is made that the landlord had no authority to maintain this suit as he had relet the apartment to another (*Gazzolo v. Chambers*, 73 Ill. 75), we do not pass on the question.

We are, therefore, of the opinion that the provision in the lease requiring 60 days' written notice could be waived and such notice given by parol, and the question whether this had been done was one of fact for the court.

The judgment of the municipal court of Chicago is affirmed.

*Affirmed.*

TAYLOR, P. J., and THOMSON, J., concur.