# Albert Fuchs, Appellant, v. George Peterson, Appellee.

## Gen. No. 28,873.

1. LANDLORD AND TENANT—*covenant to pay rent as consideration for option to renew.* An option agreement binding the lessor to execute a lease for a renewal period at a rental to be agreed upon not exceeding a specified sum per month upon the exercise of the option by the lessee by the giving of notice to the lessor is supported by a sufficient consideration which is found in the covenant of the lessee to pay rent.

2. LANDLORD AND TENANT—*waiver of lease provision for giving of notice to lessor in specified manner.* A provision of a written lease providing for notice of the exercise of an option to renew for a specified period and rental, by registered letter, is one for the benefit of the landlord and strict compliance as to the manner of giving notice may be waived by him.

3. FORCIBLE ENTRY AND DETAINER—*holding over under exercised option to renew as defense.* In an action of forcible entry and detainer by a lessor against a lessee who remained in possession after the expiration of the original term under claim of right by reason of the exercise by him of an option provided for in the lease to renew for a definite term at a rental to be agreed upon, the issue is not whether defendant has a renewal of the lease as provided for in the original lease but whether or not he holds possession without right after expiration of the original term, under the forcible entry and detainer statute as amended in 1872, providing that the lessor shall have the right to resort to that remedy when his lessee holds possession "without right," and it is a good defense to such action that the lessee's possession is grounded upon a valid exercised option to renew provided for in the lease.

4. LANDLORD AND TENANT—*waiver by lessor of agreement in lease for notice in specified manner.* A provision in a lease giving the lessee an option to renew at the expiration of the term for a specified period at a rental to be agreed upon, if the lessee shall give notice of the exercise of the option by registered letter, is waived by the landlord by the acceptance of oral notice from the lessee and his assurance to the renter that no other notice is necessary to make the renewal provision effective.

5. FRAUDS, STATUTE OF—*memorandum of option to renew lease.* The requirement of the statute of frauds that an option for the renewal of the lease for a period of five years shall be evidenced by a memorandum in writing signed by the party to be charged is satisfied, in an action of forcible entry and detainer, by the lessor against the lessee defending on the claim that his possession is of right because of his exercise of the option, by the lease itself where the provision for the option is contained therein and the lease is signed by the landlord, who is the party to be charged.

6. FRAUDS, STATUTE OF—*necessity for written notice of exercise of renewal option in lease.* In an action of forcible entry and detainer by the lessor against a lessee holding over under claim of right based on his alleged exercise of a renewal option contained in a written lease which required him to give notice by registered letter, the question of the sufficiency of oral notice of election to exercise the option is not affected by the statute of frauds where the lessor has accepted oral notice and waived the terms of the lease.

Fuchs v. Peterson, 232 Ill. App. 287.

TAYLOR, P. J., dissenting.

Appeal by plaintiff from the Municipal Court of Chicago; the Hon. D. H. WAMSLEY, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1923. Affirmed. Opinion filed February 20, 1924.

BERKMAN, REAGH & SEVERIN and BROWN, ALSCHULER & REAGH, for appellant.

WARREN PEASE, for appellee; J. ARTHUR JOHNSON, of counsel.

MR. JUSTICE THOMSON delivered the opinion of the court.

This was a forcible entry and detainer proceeding, brought by the plaintiff, Fuchs, against his tenant, the defendant Peterson. The issues were submitted to a jury, resulting in a verdict for the defendant. Judgment was entered accordingly, to reverse which, the plaintiff has perfected this appeal.

The defendant had a written lease from the plaintiff on a store, which lease expired by its terms on April 30, 1923. The lease contained a clause reading: "Lessee to have the first option of renewing lease for another term of five years, at not over $250 a month (and) if a registered letter is given by March 1, 1923, to this effect.

Sometime in March, 1922, the defendant Peterson and a lawyer who was advising him in the premises called upon the plaintiff at his office, and according to their testimony they notified him orally that the defendant had "exercised the right to renew or extend the lease for another term of five years under the terms of the lease," and they asked the plaintiff if it would be necessary to give him any further notice and he replied that no further notice would be necessary.

When the date of the expiration of the original lease arrived, on April 30, 1923, the defendant ten-

dered the plaintiff $250 as the first month's rental under the renewal period but the tender was refused solely on the ground that the defendant's lease had expired and he was no longer a tenant. Immediately thereafter, the plaintiff instituted these proceedings to regain possession of the premises.

The written lease executed by the parties contained an option agreement which was a continuing and irrevocable offer, binding the lessor to execute a lease for a renewal period of five years, at a rental to be agreed upon, not exceeding $250 per month, upon the exercise of the option by the lessee as provided in the original lease. The consideration for the giving of the option is to be found in the covenant of the lessee to pay rent. *McCauley v. Coe,* 150 Ill. 311; *Stanwood v. Kuhn,* 132 Ill. App. 466.

The provision of the written lease providing for an exercise of the option to renew by sending a registered letter was one which was put into the lease for the benefit of the landlord and strict compliance with it could be waived by him. 24 Cyc. 1003; *Matter of Rubenstein,* 13 N. Y. St. 891; *McClelland v. Rush,* 150 Pa. St. 57; *Dockery v. Thorne* (Tex. Civ. App.), 135 S. W. 593; *Wolf v. Ladd,* 220 Ill. App. 312; *Seaver v. Thompson,* 189 Ill. 158. To so hold does no violence to the provisions of the statute of frauds (2 Tiffany on Landlord and Tenant, p. 1529) for whether the option contained in the original lease provides for an extension of that lease or a renewal or the execution of a new lease for an additional term, the question presented here is not whether the defendant has a renewal of his lease for five years, but whether or not he held possession without right, after the termination of his original written lease. That was not the question presented for the decision of the court in *Hunter v. Silvers,* 15 Ill. 174, on which the plaintiff relies in the case at bar. In 1872, which was some years after *Hunter v. Silvers* was decided, the legislature amended the forcible entry and detainer stat-

ute to provide that the person entitled to the possession of lands or tenements might be restored thereto, in the manner therein provided, "When any lessee of the lands or tenements, * * * holds possession without right, after the determination of the lease or tenancy * * *. Cahill's Ill. St., ch. 57, sec. 2. The change made in the statute at this time consisted of the addition of the words "without right." The case of *Hunter v. Silvers* is not authority upon the construction of the present statute. To recover possession under the statute, as now worded, the landlord must not only show that the term of his lease has expired but also that the tenant is remaining in possession without right. Where a tenant has gone into possession under a lease, giving him an option to purchase or to have an extension or a renewal of the lease, if he exercises his option within the time provided and in the manner provided by the lease, or at any time and in any manner, provided it is shown the landlord has waived the provisions involved, he may remain in possession after the term, and such possession may not be held to be "without right." It is not necessary for the tenant to go into equity to restrain a forcible entry and detainer proceeding or to seek a decree for specific performance of the right he claims under his option, but he may, under the present statute, defend the forcible entry and detainer action, by showing that he is in possession rightfully, having exercised his option to purchase or to extend or renew the lease, in a manner accepted by the landlord. In order to successfully defend the forcible entry and detainer action at bar, it was not necessary for the defendant to show that he actually had a lease for the renewal term, but merely that he had "placed himself in a position to entitle him to it." *Eichorn v. Peterson*, 16 Ill. App. 601; *Bard v. Jones*, 96 Ill. App. 370; *Stanwood v. Kuhn*, 132 Ill. App. 466; *Vincent v. Laurent*, 165 Ill. App. 397. In *Eichorn v. Peterson*, a lease was involved, providing that the lessee, "should

have the privilege to a further lease of five years after the expiration of this term." The case is in point, although the question of the giving of a notice was not there involved. The tenant exercised his option and remained in possession and the landlord brought forcible entry and detainer proceedings and the court held that the lessee had "the right to the execution of a new lease for five years, and is in possession under it (the old lease) and the agreement for extension contained therein, and it is only the appellant's (landlord's) fault that he has not received the new lease. * * * The substantial right of the appellee (lessee) to the possession of the lot is the same, whether he has a covenant for a lease or a lease written out in due form of law. The difference is only one of form and the appellant (landlord) is in fault in not putting it in form."

In the case at bar the jury found, and there is sufficient evidence in the record to support the finding, that the plaintiff had waived the right to have the notice by registered letter specified in the original lease, by accepting the oral notice the defendant had given him, and that the tenant had therefore "placed himself in a position to entitle him to" a lease for the term of the renewal period provided for in the original lease, and that the tenant could therefore not be said to be in possession "without right."

In holding that the plaintiff waived the provision in the written lease as to notice by registered mail, by accepting oral notice of the exercise of the option by the defendant, and that the latter was entitled to a new lease and was thereby not in possession without right after the close of the original term, we are not disregarding the statute of frauds. To satisfy that statute, all that is necessary is a memorandum in writing signed by the party to be charged, providing for a new lease. The party sought to be charged here is the plaintiff. The memorandum signed by him, providing for a renewal lease, is the original lease.

The writing on which the defendant bases his claim to a renewal lease is contained in the original lease, which was executed by the plaintiff. If that writing was to the effect that the defendant would have the right to a renewal of the lease for a period of five years after the expiration of the original lease, provided he notified the plaintiff of his exercise of his option before a specified date, and the defendant sought to establish parol notice to the plaintiff, as he does in the case at bar, there would be no thought of contending that the defendant could not prevail unless he proved notice in writing, because of the statute of frauds, for the defendant's right to a renewal lease and therefore the question of whether he held possession of the premises with or without right *rests on the option clause in the original lease,* and not in any sense on the notice, in and of itself. That written memorandum (option clause in the original lease) would satisfy the statute if it provided for notice merely, without specifying what kind, or if it provided for oral notice. The provision in the clause here in question calling for notice by registered mail was put in there for the benefit and protection of the landlord and he may waive it if he chooses to and accept notice by letter not registered, or notice in writing personally delivered or by oral notice, and the question of whether he has made such a waiver has nothing to do with the statute of frauds nor is it affected by that statute. If the defendant tenant establishes such waiver by the conduct of the plaintiff landlord, or by a writing or by an oral statement, the latter will thereafter be estopped from insisting upon strict compliance with the terms of the condition.

The plaintiff makes no point of the fact that no agreement had ever been arrived at between them as to the amount of the rental for the term of the renewal, nor could he make such point successfully for two reasons: First, the tenant's right to a new lease was not dependent on the consummation of an agree-

ment as to the amount of the rental for that term. Taylor on Landlord & Tenant (9th ed.), sec. 14; *Kaufmann v. Liggett,* 209 Pa. St. 87. Second, the tenant tendered the maximum amount provided, for the renewal period, in the original lease, and it was refused solely on the ground that the term had expired and the defendant was no longer a tenant or entitled to possession of the premises.

For the foregoing reasons the judgment of the municipal court is affirmed.

*Judgment affirmed.*

O'CONNOR, J., concurs.

TAYLOR, P. J., dissenting: The affirmation of the judgment is based upon the conclusion that the tenant is rightfully in possession, although he can be considered to have that right only by reason of that which lies wholly in parol and which is rendered nugatory by the statute of frauds. In *Eichorn v. Peterson, supra,* the original lease, signed by the parties, thus satisfying the statute of frauds, created, unqualifiedly, at the time it was executed, "the privilege to a further lease of five years." The lease in the instant case did not. It provided as a prerequisite a writing, a registered letter, something which would be safe evidence that the lessee was bound. The statute of frauds, as its title imports, exists to prevent fraud and perjury. Yet, here, the lessee is allowed to establish his right to present possession—and inferentially, for five years—by a matter wholly in parol; and that, further, even in the face of his admitted agreement to furnish a writing. As the competent evidence, in my judgment, shows that under the law he had no right to possession, I am constrained to dissent.